PARKER, Acting Chief Judge.
W.R. appeals the order adjudicating him guilty of possession of marijuana, specifically *1001 arguing that the trial court erred in denying his motion to suppress and in committing him to community control for an indeterminate period of time. We agree that the trial court erred in denying the motion to suppress and, therefore, reverse the adjudication of delinquency. Accordingly, W.R.’s sentencing issue is moot.
Two law enforcement officers, holding an arrest warrant for W.R., went to a residence where they believed W.R. to be located. The officers could see W.R. through the front screen door. Officer Duran went to the back door of the residence and entered without knocking or announcing his presence when he saw W.R. get up from a sofa and walk toward the front door. Officer Doan entered the front door of the residence without knocking or announcing his presence, arrested W.R., and read the Miranda[1] warnings to him. The officers found marijuana in open view on the sofa which W.R. admitted was his.
When an officer is authorized to make an arrest in a building, the officer should first knock on the door of the building and announce his purpose and authority for being there, unless there are exigent circumstances to justify entry without prior notice. Benefield v. State, 160 So.2d 706 (Fla.1964); State v. Bomber, 630 So.2d 1048 (Fla.1994). In State v. Robinson, 565 So.2d 730 (Fla. 2d DCA), review dismissed, 574 So.2d 143 (Fla.1990), this court held that opening an unlocked screen door is a breaking” which invokes the knock and announce requirements for execution of a search warrant. See also State v. Blest, 647 So.2d 126 (Fla. 2d DCA 1994). We agree with W.R. that there was no evidence to support the state’s argument that the officers’ actions satisfied any of the exceptions to the “knock and announce” rule. We, therefore, reverse W.R.’s adjudication of delinquency and his sentence.
Reversed and remanded.
FULMER and NORTHCUTT, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).